IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| BAMBULAB USA, INC., SHENZHEN TUOZHU TECHNOLOGY CO., LTD., SHANGHAI LUNKUO TECHNOLOGY CO., LTD., BAMBULAB LIMITED, AND TUOZHU TECHNOLOGY LIMITED, | Civil Action No. 1:24-cv-01511 |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. | |
| STRATASYS, INC., | |
| Defendant. | |

## COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT

Plaintiffs BambuLab USA, Inc., Shenzhen Tuozhu Technology Co., Ltd., Shanghai Lunkuo Technology Co., Ltd., BambuLab Limited, and Tuozhu Technology Limited (collectively "BambuLab") file this Complaint for Declaratory Judgment of noninfringement against Stratasys, Inc. ("Stratasys"). In support of its Complaint, Plaintiffs allege as follows:

## NATURE OF THE ACTION

1. This is an action for a declaratory judgment of noninfringement arising under the patent laws of the United States, Title 35 of the United States Code.

2. Stratasys purports to be the owner of U.S. Patent Nos. 9,168,698 (the "'698 Patent," attached as Exhibit A), 10,556,381 (the "'381 Patent," attached as Exhibit B), 10,569,466 (the "'466 Patent," attached as Exhibit C), 11,167,464 (the "'464 Patent," attached as Exhibit D), 8,562,324 (the "'324 Patent," attached as Exhibit E), 8,747,097 (the "'097 Patent," attached as Exhibit F), 9,421,713 (the "'713 Patent," attached as Exhibit G), 7,555,357 (the "'357 Patent,"

1

attached as Exhibit H), 9,592,660 (the "'660 Patent," attached as Exhibit I), and 11,886,774 (the "'774 Patent," attached as Exhibit J) (collectively, the "Patents-in-Suit").

3.      Plaintiffs do not infringe the Patents-in-Suit.

4.      Stratasys brought two lawsuits against all Plaintiffs, save BambuLab USA, collectively asserting the Patents-in-Suit. *Stratasys, Inc. v. Shenzhen Tuozhu Tech. Co. et al.*, Case No. 2:24-cv-00644 (E.D. Tex.); *Stratasys, Inc. v. Shenzhen Tuozhu Tech. Co. et al.*, Case No. 2:24-cv-00645 (E.D. Tex.).

5.      Stratasys omitted the only domestic entity related to the Plaintiffs: BambuLab USA, even though BambuLab USA is responsible for importing and selling the BambuLab line of products in the United States.  No proper venue exists over BambuLab USA in the Eastern District of Texas, but Stratasys elected to file its suit there even though venue would exist over all of the named entities in this District and Stratasys could have brought its suit in this District.

6.      Stratasys's actions and statements, including its allegations of infringement of the Patents-in-Suit by the Defendants, have created a real and substantial controversy that warrants issuance of a declaratory judgment of noninfringement concerning whether Plaintiffs infringe the Patents-in-Suit.

## PARTIES

7.      Plaintiff BambuLab USA is a Texas corporation with a principal place of business at 8000 Centre Park Dr, Austin, Texas 78754.

8.      Plaintiff Shenzhen Tuozhu Technology Co., Ltd. is a company organized and existing under the laws of the People's Republic of China with its principal place of business located at outside of this country.

9. Plaintiff Shanghai Lunkuo Technology Co., Ltd. is a company organized and existing under the laws of the People's Republic of China with its principal place of business located at outside of this country.

10. Plaintiff Defendant Tuozhu Technology Limited is a company organized and existing under the laws of the Hong Kong SAR, China, with its principal place of business located at outside of this country.

11. Plaintiff BambuLab Limited is a company organized and existing under the laws of Hong Kong SAR, China, with its principal place of business located at outside of this country.

12. Upon information and belief, Defendant Stratasys, Inc. is a corporation organized under the laws of Delaware with a place of business at 7665 Commerce Way, Eden Prairie, Minnesota.

13. Plaintiffs are technology companies that focus on desktop 3D printers. The BambuLab line of products comprise 3D printers that break the barriers between the digital and physical worlds, bringing creativity to a whole new level.

14. Defendant Stratasys also manufactures 3D printers, but the most common applications for its 3D printers are commercial in nature and not suitable for the desktop market.

15. Stratasys has alleged that it is the owner by assignment of the Patents-in-Suit.

## JURISDICTION AND VENUE

16. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, and under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

17. This Court has subject matter jurisdiction over the claims alleged in this action because this Court has jurisdiction over declaratory judgment claims arising under the Patent Laws pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

18.     This Court can provide the relief sought in this Declaratory Judgment Complaint because an actual case and controversy exists between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201, at least because Stratasys accused Plaintiffs' products of infringing claims of the Patents-in-Suit.

19.     Stratasys has maintained this charge of infringement even though Plaintiffs' products do not infringe, and have not infringed, any claim of the Patents-in-Suit. Stratasys's allegations and actions have created a real, live, immediate, and justiciable case or controversy between Stratasys and Plaintiffs.

20.     This Court has personal jurisdiction over Stratasys because Stratasys has a place of business in Texas. Stratasys Direct Manufacturing is located at 815 Kirkley Drive Belton, TX 76513. *See* https://www.stratasys.com/en/contact-us/office-locations/. On information and belief, at this location Stratasys employs individuals, regularly conducts business, and manufactures products for sale. *See* https://www.additivemanufacturing.media/articles/a-tour-of-the-stratasys-belton-production-facility. Moreover, Stratasys has engaged in enforcement activities in Texas, including attempting to serve Defendants (save BambuLab USA) in Austin, filing two patent infringement suits collectively alleging infringement of the same ten patents in Texas, and hiring Texas lawyers. Thus, Stratasys has therefore purposely availed itself of the privilege of conducting activities within Texas.

21.     Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Stratasys is subject to personal jurisdiction based on its contacts with this District and therefore resides in this District under § 1391(c)(2). These contacts include specific enforcement efforts, like attempting to serve the Defendants in Austin, Texas and hiring lead Texas counsel whose signature block lists Austin, Texas. Moreover, venue is also proper in this District under 28 U.S.C. § 1391(b)(2)

4

because a substantial part of the events giving rise to the claims occurred in this district. For example, in addition to Stratasys's attempts to serve Defendants (save BambuLab USA) in this district, BambuLab USA, which is headquartered in this District, imports and sells the allegedly infringing products in this District.

**COUNT I – DECLARATORY JUDGMENT OF
NONINFRINGEMENT OF U.S. PATENT NO. 9,168,698**

22.     The facts and allegations of paragraphs 1–21 are incorporated by reference as though fully set forth herein.

23.     Plaintiffs do not infringe, induce others to infringe, or contribute to any infringement by others of any claim of the '698 Patent.

24.     Plaintiffs do not infringe independent claim 1 of the '698 Patent or any of its dependent claims at least because the accused BambuLab products do not practice any method that comprises "creating a control signal to control at least one component of the three-dimensional printer in response to the current contact force while depositing material during the build."

25.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiffs request a declaration by the Court that Plaintiffs have not infringed and do not infringe any claim of the '698 Patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

**COUNT II – DECLARATORY JUDGMENT OF
NONINFRINGEMENT OF U.S. PATENT NO. 10,556,381**

26.     The facts and allegations of paragraphs 1–25 are incorporated by reference as though fully set forth herein.

27.     Plaintiffs do not infringe, induce others to infringe, or contribute to any infringement by others of any claim of the '381 Patent.

28.    Plaintiffs do not infringe independent claim 1 of the '381 Patent or any of its dependent claims at least because the accused BambuLab products do not comprise "a controller configured to receive a signal from the one or more sensors on the extruder and to calculate the contact force between the extruder and the separate structure."

29.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiffs request a declaration by the Court that Plaintiffs have not infringed and do not infringe any claim of the '381 Patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

**COUNT III – DECLARATORY JUDGMENT OF<br>NONINFRINGEMENT OF U.S. PATENT NO. 10,569,466**

30.    The facts and allegations of paragraphs 1–29 are incorporated by reference as though fully set forth herein.

31.    Plaintiffs do not infringe, induce others to infringe, or contribute to any infringement by others of any claim of the '466 Patent.

32.    Plaintiffs do not infringe independent claim 1 of the '466 Patent or any of its dependent claims at least because the accused BambuLab products do not practice any method comprising "providing a three-dimensional printer that includes a tag sensor," and/or "receiving a request from a client over a network to fabricate an object on the three-dimensional printer, the three-dimensional printer coupled to a supply of a build material including a tag that stores at least one property of the build material" and "receiving one or more operational parameters from the client selected for use in controlling operation of the three-dimensional printer when fabricating the object with the build material having the at least one property stored in the tag."

33.     Plaintiffs do not infringe independent claim 19 of the '466 Patent or any of its dependent claims at least because the accused BambuLab products do not practice any method comprising "providing a three-dimensional printer that includes a controller and a tag sensor."

34.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiffs request a declaration by the Court that Plaintiffs have not infringed and do not infringe any claim of the '466 Patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

### COUNT IV – DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 11,167,464

35.     The facts and allegations of paragraphs 1–34 are incorporated by reference as though fully set forth herein.

36.     Plaintiffs do not infringe, induce others to infringe, or contribute to any infringement by others of any claim of the '464 Patent.

37.     Plaintiffs do not infringe independent claim 1 of the '464 Patent or any of its dependent claims at least because the accused BambuLab products do not practice any method comprising "performing a diagnostic test to determine whether the operational parameter is suitable for the three-dimensional printer" and/or "when the operational parameter is suitable for the three-dimensional printer according to the diagnostic test, controlling operation of the three-dimensional printer during the fabrication process with the controller according to the operational parameter to fabricate an object with the three-dimensional printer."

38.     Plaintiffs do not infringe independent claim 12 of the '464 Patent or any of its dependent claims at least because the accused BambuLab products do not comprise "a processor configured to determine an operational parameter of a fabrication process using the three-dimensional printer based upon the data and to perform a diagnostic test to determine whether the

operational parameter is suitable for the three-dimensional printer, the operational parameter including at least one of a build platform temperature, a build volume temperature, an infill requirement, a rafting requirement, a support structure requirement, and a cooling requirement" and/or "a controller for the three-dimensional printer, the controller configured to, when the operational parameter is suitable for the three-dimensional printer according to the diagnostic test, control operation of the three-dimensional printer during the fabrication process according to the operational parameter to fabricate an object with the three-dimensional printer."

39. Plaintiffs do not infringe independent claim 19 of the '464 Patent or any of its dependent claims at least because the accused BambuLab products do not practice any method comprising "performing a diagnostic test to determine whether the operational parameter is suitable for the three-dimensional printer" and/or "when the operational parameter is suitable for the three-dimensional printer according to the diagnostic test, controlling operation of the three-dimensional printer during the fabrication process according to the operational parameter to fabricate an object with the three-dimensional printer."

40. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiffs request a declaration by the Court that Plaintiffs have not infringed and do not infringe any claim of the '464 Patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

### COUNT V – DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 8,562,324

41. The facts and allegations of paragraphs 1–40 are incorporated by reference as though fully set forth herein.

42. Plaintiffs do not infringe, induce others to infringe, or contribute to any infringement by others of any claim of the '324 Patent.

43.    Plaintiffs do not infringe independent claim 1 of the '324 Patent or any of its dependent claims at least because the accused BambuLab products do not comprise "a processor configured to receive a three-dimensional model through the network interface," and/or "the processor further configured to provide a user interface to a remote user accessing the device through the network interface. . . a two-dimensional projection of the three-dimensional model from the point of view of the video camera."

44.    Plaintiffs do not infringe independent claim 19 of the '324 Patent or any of its dependent claims at least because the accused BambuLab products do not practice any method that comprises "receiving a three-dimensional model through the network interface" and/or "providing a user interface to a remote user device accessing the device through the network interface. . . a two-dimensional projection of the three-dimensional model from the point of view of the video camera."

45.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiffs request a declaration by the Court that Plaintiffs have not infringed and do not infringe any claim of the '324 Patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

### COUNT VI – DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 8,747,097

46.    The facts and allegations of paragraphs 1–45 are incorporated by reference as though fully set forth herein.

47.    Plaintiffs do not infringe, induce others to infringe, or contribute to any infringement by others of any claim of the '097 Patent.

48.    Plaintiffs do not infringe independent claim 1 of the '097 Patent or any of its dependent claims at least because the accused BambuLab products do not comprise "a web server

configured to transmit the status of the print job for display at a remote client through the network interface."

49.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiffs request a declaration by the Court that Plaintiffs have not infringed and do not infringe any claim of the '097 Patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

## COUNT VII – DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 9,421,713

50.    The facts and allegations of paragraphs 1–49 are incorporated by reference as though fully set forth herein.

51.    Plaintiffs do not infringe, induce others to infringe, or contribute to any infringement by others of any claim of the '713 Patent.

52.    Plaintiffs do not infringe independent claim 1 of the '713 Patent or any of its dependent claims at least because the accused BambuLab products do not use a method comprising "printing layers of the three-dimensional part and of a support structure…from multiple print heads or deposition lines," "switching the print heads or deposition line between stand-by modes and operating modes in-between the printing of the layers," and/or "performing a purge operation for each print head or deposition line switched to the operating mode…wherein the layers of the at least one purge tower are printed from the print head or deposition line switched to the operating mode."

53.    Plaintiffs do not infringe independent claim 10 of the '713 Patent or any of its dependent claims at least because the accused BambuLab products do not use a method comprising "bringing a first print head or deposition line from a stand-by mode to an operating mode," "printing a first layer of a purge tower … from a support material using the first print head or

10

deposition line in operating mode," "printing a layer of a support structure from the support material using the first print head in the operating mode," "bringing a second print head or deposition line from a stand-by mode to an operating mode," "printing a second layer of the purge tower from a part material using the second print head or deposition line in the operating mode," and/or "printing a layer of the three-dimensional part from the part material using the second print head in operating mode." Additionally, Plaintiffs do not infringe independent claim 10 of the '713 Patent or any of its dependent claims because the accused BambuLab products do not use a method comprising the sequence recited in claim 10.

54.    Plaintiffs do not infringe independent claim 16 of the '713 Patent or any of its dependent claims at least because the accused BambuLab products do not use a method comprising "(c) printing a first layer of the three-dimensional part on at least a portion of the first layer of the support structure from the part material after printing the first layer of the purge tower;" "(d) printing a second layer of the purge tower from the support material" and/or " (e) printing a second layer of the support structure on at least a portion of the first layer of the three-dimensional part from the support material after printing the second layer of the purge tower" as required by claim 16. Additionally, Plaintiffs do not infringe independent claim 16 of the '713 Patent or any of its dependent claims because the accused BambuLab products do not use a method comprising the sequence recited in claim 16.

55.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiffs requests a declaration by the Court that Plaintiffs have not infringed and do not infringe any claim of the '713 Patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

11

## COUNT VIII – DECLARATORY JUDGMENT OF
## NONINFRINGEMENT OF U.S. PATENT NO. 7,555,357

56.     The facts and allegations of paragraphs 1–55 are incorporated by reference as though fully set forth herein.

57.     Plaintiffs do not infringe, induce others to infringe, or contribute to any infringement by others of any claim of the '357 Patent.

58.     Plaintiffs do not infringe independent claim 1 of the '357 Patent or any of its dependent claims at least because the accused BambuLab products do not practice any method that comprises "generating at least one intermediate path in the void region," "determining dimensions of the void region based at least in part on the at least one generated intermediate path," and/or "generating a remnant path in the void region based at least in part on the at least one intermediate path."

59.     Plaintiffs do not infringe independent claim 8 of the '357 Patent or any of its dependent claims at least because the accused BambuLab products do not practice any method that comprises "generating a build path for building a layer of the three-dimensional object, the build path being based on a first road width resolution," "identifying a void region in the build path," "determining dimensions of the void region," and/or "generating a remnant path in the void region."

60.     Plaintiffs do not infringe independent claim 15 of the '357 Patent or any of its dependent claims at least because the accused BambuLab products do not practice any method that comprises "generating a build path for building a layer of the three-dimensional object with a plurality of first deposition roads based on a first road width resolution, wherein the build path defines a void region having dimensions that are smaller than the first road width resolution along at least one axis," and/or "generating a remnant path in the void region for filling at least pan of a

12

cavity corresponding to the defined void region with a second deposition road based on deposition rates that are configured to vary based on the dimensions of the void region."

61.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiffs request a declaration by the Court that Plaintiffs have not infringed and do not infringe any claim of the '357 Patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

**COUNT IX – DECLARATORY JUDGMENT OF<br>NONINFRINGEMENT OF U.S. PATENT NO. 9,592,660**

62.     The facts and allegations of paragraphs 1–61 are incorporated by reference as though fully set forth herein.

63.     Plaintiffs do not infringe, induce others to infringe, or contribute to any infringement by others of any claim of the '660 Patent.

64.     Plaintiffs do not infringe independent claim 1 of the '660 Patent or any of its dependent claims at least because the accused BambuLab products do not comprise "a build platform with a temperature control unit configured to control heating of the build platform."

65. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Plaintiffs request a declaration by the Court that Plaintiffs have not infringed and do not infringe any claim of the '660 Patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

**COUNT X – DECLARATORY JUDGMENT OF<br>NONINFRINGEMENT OF U.S. PATENT NO. 11,886,774**

66.     The facts and allegations of paragraphs 1–65 are incorporated by reference as though fully set forth herein.

67.     Plaintiffs do not infringe, induce others to infringe, or contribute to any infringement by others of any claim of the '774 Patent.

68.     Plaintiffs do not infringe independent claim 1 of the '774 Patent or any of its dependent claims at least because the accused BambuLab products do not practice any method comprising "querying the target printer for configuration information of the target printer relevant to creation of a printable model for fabrication of the object on the target printer" and/or "creating a fabrication profile based on the one or more properties."

69.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiffs request a declaration by the Court that Plaintiffs have not infringed and do not infringe any claim of the '774 Patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask this Court to enter judgment in Plaintiffs' favor and against Stratasys by granting the following relief:

a) a declaration that Plaintiffs do not infringe, under any theory, any claim of the Patents-in-Suit;

b) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Plaintiffs of its costs and attorneys' fees incurred in this action; and

c) further relief as the Court may deem just and proper.

Dated:  December 9, 2024                            Respectfully submitted,

/s/ David M. Barkan

Gregory P. Love (TX 24013060)
greg@stecklerlaw.com
STECKLER WAYNE & LOVE
107 E Main Street
Henderson, TX 75652
Tel: (903) 212-4444

Carl E. Bruce (TX 24036278)
bruce@fr.com
Thomas H. Reger, II (TX 24032992)
reger@fr.com
Aaron P. Pirouznia (TX 24098958)
pirouznia@fr.com
Michael A. Vincent (TX 24105738)
vincent@fr.com
Brandon S. Avers (TX 24135660)
avers@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070 | Fax: (214) 747-2091

David M. Barkan (CA 160825)
barkan@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Tel: (650) 839-5070 | Fax: (650) 839-5071

Attorneys for Plaintiffs
BAMBULAB USA, INC., SHENZHEN
TUOZHU TECHNOLOGY CO., LTD.,
SHANGHAI LUNKUO TECHNOLOGY CO.,
LTD., BAMBULAB LIMITED, AND
TUOZHU TECHNOLOGY LIMITED